Emmitt FOSTER, Appellant,

v.

Paul DELO, Appellee.

No. 95–2011.

United States Court of Appeals,
Eighth Circuit.

Decided April 28, 1995.

Order Denying Rehearing, Granting Rehearing En Banc and Vacating Stay
May 1, 1995.

Emmitt Foster, pro se.

Gino F. Battisti, St. Louis, MO, for Emmitt Foster.

Stephen David Hawke, Atty. Gen. Office, Jefferson Cty., MO, for Paul Delo.

Before McMILLIAN, Circuit Judge, BRIGHT and JOHN R. GIBSON, Senior Circuit Judges.

PER CURIAM.

This matter is before the court on an expedited appeal relating to Emmitt Foster's second petition for a writ of habeas corpus and his application for a stay of execution. Foster's execution has been set for May 3, 1995. In a memorandum and order issued on April 26, 1995, the District Court for the Eastern District of Missouri denied Foster's petition for habeas relief as well as his petition for a stay of execution. *Foster v. Delo,* No. 4:95CV00680 (E.D.Mo. Apr. 26, 1995). We grant Foster's application for a stay of execution and reverse and remand on the merits of the petition. We instruct the district court to conduct an expedited evidentiary hearing on new evidence, which if true, seriously calls into question Foster's guilt in the crime for which he has been sentenced to die.

In our prior panel opinion, the majority concluded that Foster's fundamental rights had been violated due to ineffective assistance of counsel during the sentencing phase of his capital trial. *Foster v. Delo,* 11 F.3d 1451 (8th Cir.1993), *vacated and rev'd,* 39 F.3d 873 (8th Cir.1994) (en banc). Now, we have even stronger and more "substantial grounds" for granting Foster's petition for a stay of execution. *Delo v. Blair,* —— U.S. ——, ——, 113 S.Ct. 2922, 2923, 125 L.Ed.2d 751 (1993).

First, new evidence has surfaced, suggesting that an investigator with the St. Louis County Medical Examiner's Office, who had been working on the Travis Walker murder case, withheld exculpatory evidence in violation of *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 1196–97, 10 L.Ed.2d 215 (1963). According to Foster's petition, a report authored by Sidney R. Anderson indicated that he believed DeAnn Keys, the only witness who linked Foster to the crime, was not shot in the living room as Ms. Keys had testified, but rather had been shot in her bedroom. This evidence may undermine Ms. Keys's credibility, and may suggest, in light of other testimony, that Ms. Keys might not have been able to identify Foster at the crime scene. These are matters to be addressed in the hearing before the district court.

Second, Foster asserts that the May 23, 1994 affidavit of Michael Phillips establishes his actual innocence. Phillips was tried separately and convicted of first-degree murder for his role in the slaying and was sentenced to life in prison. In the affidavit, Phillips states that he committed the murder of Travis Walker with an unnamed accomplice and that Foster was not at the murder scene and was in no way involved in the murder. Phillips explains that he did not come forward sooner because Foster's attorneys did not contact him.

Relying on the Supreme Court's decision in *Delo v. Stokes,* 495 U.S. 320, 321, 110 S.Ct. 1880, 1881, 109 L.Ed.2d 325 (1990) (per curiam), the district court concluded that Foster's second habeas petition constituted an abuse of the writ and that his claim of actual innocence was insufficient to excuse such an abuse. As a result, the district court denied Foster's second habeas petition and his motion for a stay of execution.

In relevant part, the *Stokes* opinion provides that

[a] stay of execution pending disposition of a second or successive federal habeas petition should be granted only when there are "substantial grounds upon which relief might be granted." There are no "sub-

stantial grounds" present in this case, because respondent's fourth federal habeas petition *clearly constitutes an abuse of the writ.*

*Id.* at 321, 110 S.Ct. at 1881 (citation omitted) (emphasis added). Contrary to the district court, we do not believe Foster's second habeas petition constitutes a "clear" abuse of the writ. Additionally, even if Foster had abused the writ, we believe he has established at least a facial and important claim of actual innocence, thereby excusing any and all procedural defaults.

There exists crucial matters that need examination by the district court at a hearing on remand. Thus, the rush to execution is inappropriate in this case.

Accordingly, we grant a stay of execution pending review in the district court and we reverse and remand Foster's petition for habeas corpus for further proceedings in conformity with this opinion.

JOHN R. GIBSON, Senior Circuit Judge, dissenting.

I respectfully dissent. I would deny the motion for stay of execution.

The Supreme Court teaches that on second and later habeas petitions a stay must not be entered unless "there are substantial grounds upon which relief might be granted." *Delo v. Blair,* —— U.S. ——, ——, 113 S.Ct. 2922, 2923, 125 L.Ed.2d 751 (1993) [citing cases].

The district court in its memorandum and order denying the stay of execution has carefully analyzed Foster's latest claims and discusses the most recent cases from the Supreme Court in death penalty cases. *Kyles v. Whitley,* —— U.S. ——, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995), and *Schlup v. Delo,* —— U.S. ——, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). As I conclude there are no substantial grounds upon which relief might be granted, I would deny the stay on the basis articulated in the district court's memorandum and order.

## ORDER

May 1, 1995

The appellee's petition for rehearing before the panel is hereby denied. Judge John R. Gibson votes to grant the petition for rehearing and vacate the stay of execution.

The appellee's petition for rehearing en banc and motion to vacate stay of execution have been considered by the Court and are hereby granted. Judges McMillian and Murphy vote to deny the petition for rehearing en banc and the motion to vacate stay of execution.